IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. Action No. 2:21-cv-977 |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| PERRY HOMES, INC., | ) | |
| ALLYSON WHITTINGTON, and | ) | Chief Magistrate Judge |
| ROBERT WHITTINGTON, | ) | Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT
## AND RECOMMENDATION

The United States submits these objections to the portion of the Magistrate Judge's

Report and Recommendation ("Report"), recommending dismissal of two of the United States'

Fair Housing Act claims—its claims brought under 42 U.S.C. §§3604(f)(1) and (f)(2) – on the

ground that they lack clarity as to whether such claims are based on theories of disparate

treatment, disparate impact, or both.  The Magistrate Judge recommended that the United States

be granted leave to amend its Amended Complaint to so clarify.  ECF 35 at 13, 16.  As discussed

below, the United States respectfully submits that its Amended Complaint adequately pleads

claims under the Fair Housing Act. Defendants' motion to dismiss should therefore be dismissed

in its entirety.  Nevertheless, the United States is prepared to file a second amended complaint

consistent with the Magistrate Judge's recommendation.

## I.     BACKGROUND

On July 23, 2021, the United States filed a Complaint against Defendants Perry Homes, Inc., Allyson Whittington, and Robert Whittington, alleging that they engaged in discriminatory housing practices against persons with disabilities, in violation of certain provisions of the Fair Housing Act, 42 U.S.C. §§3604(c), 3604(f)(1), (f)(2), and (f)(3)(B).  ECF No. 1.  The Complaint was brought on behalf of the Southwestern Pennsylvania Legal Services, Inc. ("SWPLS"), a non-profit legal aid organization, that uncovered the discriminatory housing practices alleged in the United States' Complaint at the Defendants' rental properties in Pennsylvania.[1]  *Id.* at ¶¶ 5, 12. The United States amended the Complaint on October 8, 2021.  Pl.'s Am. Compl., ECF No. 17. Defendants moved to dismiss the Amended Complaint, and the Magistrate Judge issued a Report and Recommendation ("Report") on May 13, 2022, recommending that the Defendants' motion be denied as to the United States' claims under §§3604(c) (discriminatory statements) and (f)(3)(B) (denial of reasonable accommodation), but granted as to the claims under §§ 3604(f)(1) (making housing unavailable) and (f)(2) (imposing different terms and conditions) with permission for the United States to amend the Complaint accordingly.  ECF No. 35.  The Report recommended that the United States amend to clarify whether it is asserting disparate treatment, disparate impact, or both theories.[2]  *Id*. at 13.

---

[1] On April 5, 2022, the United States filed a separate Complaint in the matter of *United States v. Perry Homes, Inc.*, alleging that  Defendant Perry Homes violated the Fair Housing Act by denying accommodations to two tenant-households at one of the properties that Defendant Perry Homes operates. No. 2:22-cv-526, ECF No. 1.  The Court issued a show cause order as to why these two cases should not be consolidated.  ECF No. 30.  The United States agrees that consolidation is appropriate. The two cases raise common issues of fact and law, involve the same plaintiff, the same property, the same main defendant, and overlapping legal claims. ECF No. 31 and 33.

[2] Defendants did not argue in their motion to dismiss that the Amended Complaint is unclear as to whether the United States is alleging disparate treatment and/or disparate impact claims.

The United States respectfully submits these objections to the Magistrate Judge's finding that the United States needs to clarify whether its claims are based on disparate treatment or disparate impact, or both, in order to state a claim for relief under §§ 3604(f)(1) and (f)(2).[3]   As set forth below, the United States respectfully submits that no further clarification or specificity is necessary at this stage.

## II.   ARGUMENT

### A.  The United States Need Not Assert a Specific Theory of Liability or Plead a *Prima Facie* Case.

The Magistrate's Report erred in dismissing the United States' claims under 42 U.S.C. §§ 3604(f)(1) and (2) with leave to amend to clarify whether the claims rely on disparate treatment, disparate impact, or both theories of liability.  ECF 35 at 13.  As an initial matter, there is no requirement that the United States identify any particular theory of liability at the pleading stage. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018), *cert. den.* 139 S. Ct. 2026 (2019) ("[a]n FHA claim can proceed under either a disparate-treatment or a disparate-impact theory of liability, and a plaintiff is not required to elect which theory the claim relies upon at pre-trial, trial, or appellate stages.").

Moreover, in concluding that the United States should amend its complaint to specify disparate treatment, disparate impact, or both, the Magistrate's Report relied on the legal standard for establishing a *prima facie* case, which is an evidentiary standard and not a pleading standard.  Quoting from *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, 400 F. Supp. 3d 91, 105

---

[3]   The Supreme Court identified both types of theories for relief under the FHA in *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.,* 576 U.S. 519, 524, 536 (2015). Under a disparate-treatment theory of liability, a "plaintiff must establish that the defendant had a discriminatory intent or motive," whereas "a plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale." *Inclusive Communities*, 576 U.S. at 524 (internal quotation marks omitted).

3

(M.D. Pa. 2019), the Report stated: "under both Subsections (f)(1) and (f)(2) [of the FHA], a plaintiff can demonstrate that he or she was discriminated against and *thereby satisfy the first element of the prima facie FHA case* by demonstrating that he or she suffered (1) intentional discrimination (also called disparate treatment); (2) indirect discrimination (also called disparate impact or discriminatory effect)…".  ECF 35 at 11 (emphasis added).  The Report also stated that " 'under the first theory, a plaintiff can establish a prima facie case of intentional discrimination by showing that discriminatory intent against a protected group was a motivating factor' " and that "'[t]o establish liability under the discriminatory effect theory, a plaintiff must establish a prima facie case that the challenged action has a discriminatory effect on a protected class.' " ECF at 11 (quoting *Wartluft*, 400 F. Supp. 3d at 105-06).

By relying on the requirements for a *prima facie* case – including the requirement to assert theories of intent and/or discriminatory effects to meet these requirements – the Magistrate's Report impermissibly (and perhaps inadvertently) engrafted the evidentiary standards applicable for summary judgment or trial onto the pleading requirements applicable at a motion to dismiss stage. ECF 35 at 13.  It is well-settled that a plaintiff in a civil rights case need not *plead* the elements of a prima facie case to survive a motion to dismiss.  In *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002), the Supreme Court held that a complaint in an employment discrimination lawsuit under Title VII and the Age Discrimination in Employment Act need not contain specific facts establishing a *prima facie* case and explained that "although the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Id*. at 512.

Similarly, in *Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 789 (3d Cir. 2016), the Third Circuit vacated a district court's order dismissing a Title VII complaint on a motion to dismiss and reiterated that "at least for purposes of pleading sufficiency, a complaint need not establish a

prima facie case in order to survive a motion to dismiss. A prima facie case is 'an evidentiary standard, not a pleading requirement' *Swierkiewicz v*, 534 U.S. at 510 , hence is 'not a proper measure of whether a complaint fails to state a claim.'" *Connelly*, 809 F.3d at 789 (internal citation omitted). *See also Powell v. Ridge*, 189 F.3d 387, 394 (3d Cir. 1999), *overruled on other grounds by Alexander v. Sandoval*, 532 U.S. 275 (2001). The Third Circuit further concluded that to survive a motion to dismiss, "[i]nstead of requiring a *prima facie* case, the post-*Twombly* pleading standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 789 (*quoting Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

Thus, while a plaintiff may of course plead the elements of a *prima facie* claim or assert theories of liability in its complaint, there is no requirement that it *must* do so to survive a motion to dismiss. The United States therefore should not be required to specify these elements or describe the theories on which it relies.

### B. The United States' Complaint Alleges Sufficient Facts to State a Claim under §§ 3604(f)(1) and (f)(2).

The United States' allegations in support of its claims for violations of §§ 3604(f)(1) and (f)(2) of the FHA satisfy the *Connelly* pleading standard by raising a "reasonable expectation that discovery will reveal evidence of the necessary elements" of disparate treatment and/or disparate impact. *Connelly*, 809 F.3d at 789. Indeed, the Magistrate's Report correctly observed that the "facts, as alleged [in the United States' complaint], could arguably support either or both" disparate treatment or disparate impact. ECF 35 at 13.

The United States' Complaint alleges that, from October 2018 through February 2019, SWPLS conducted multiple tests to determine if Defendants would allow tenants with a disability-based need for an emotional support animal to live with such animal at Defendants'

properties.  ECF No. 17 ¶ 19.  The Amended Complaint specifies that, on multiple occasions, testers posing as prospective applicants who had family members with disabilities inquired about the availability of a unit, advising Defendants' agents that a member of their household had an emotional support animal and had documentation to support the need for such an animal.  On each occasion, Defendants' agents responded that Perry Homes only allows "registered service animals" that have been specifically trained, and does not allow emotional support animals. *Id.* ¶¶ 20- 24.[4]  The Amended Complaint also alleges that, on several occasions since October 2018, Perry Homes refused to make reasonable accommodations for renters who stated they had an emotional support animal for their disability.  *Id.* ¶ 25.

The allegations set forth above establish disparate treatment and/or disparate impact claims.  Defendants' practice of not allowing emotional support animals for persons with disabilities who need them is direct evidence of discrimination, and, if proven, constitutes disparate treatment by treating such persons differently because of their disability.  *See Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170 at 177 (3d Cir. 2005) (a plaintiff alleging intentional discrimination is "required to show that a protected characteristic played a role in the defendant's decision to treat her differently.").  Likewise, Defendants' practice of not allowing emotional support animals has a disproportionate adverse effect on persons with certain types of disabilities.  *See Inclusive Cmtys.*, 576 U.S. at 524 ("a plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale"); *Laflamme v. New Horizons, Inc.*, 605 F. Supp. 2d 378, 390, 380 (D. Conn. 2009) (finding state living facility's policy that "draws distinctions based on

---

[4] The Amended Complaint hence alleges that, while Defendants may have been willing to rent to persons with disabilities requiring service animals, they would not rent to persons with other types of disabilities requiring emotional support animals.  *Id.*

the disabilities of applicants" and thus was based on the "nature and characteristics of their

individual disabilities constitutes exactly the discrimination that the FHA forbids.");

*Sharpvisions, Inc. v. Borough of Plum*, 475 F. Supp. 2d 514, 525 (W.D. Pa. 2007) (finding

defendants' ordinance had a "greater adverse impact on persons with disabilities than on non-

protected persons, regardless of intent."). Defendants' actions, if proven, constitute a violation

of both §§ 3604(f)(1) and (f)(2) because Defendants' practice made units "unavailable" to

prospective and actual tenants within the meaning of Section 3604(f)(1) and also denied

prospective tenants the full "privileges of … rental of a dwelling" because of their disabilities in

violation of Section 3604(f)(2).

Factual allegations that describe particular occurrences of alleged discriminatory

practices, and also identify the protected class members so affected, just like the United States

does in its Complaint, are sufficient to support claims under §§ 3604(f)(1) or (2). *See, e.g.*

*Boykin v. KeyCorp.*, 521 F.3d 202, 215 (2d Cir. 2008 )(Sotomayor J.) (in reversing a district

court's dismissal of a FHA claim, the Second Circuit held that the plaintiff had sufficiently

presented plausible allegations of a disparate treatment claim where "the plaintiff identified the

particular events giving rise to her claim and alleged that she was treated less favorably than

other loan applicants because of her race, her gender and location of her property"); *Warthuft*,

400 F. Supp. 3d  91, 105  (M.D. Pa. 2019) (plaintiff sufficiently pled disparate treatment claims

under (f)(1) and (f)(2) of the FHA with allegations that the defendant/school had been "denying

her housing on the basis of her mental handicap" and failed "to investigate, engage in an

interactive dialog[ue] with, and/or offer any reasonable accommodations…"); *Fair Hous. Ctr.*

*Inc. v. Cuomo*, No. 18-CV-3196, 2019 WL 4805550, *13 (S.D.N.Y. September 30, 2019 )

(plaintiffs sufficiently pled disparate treatment claims under (f)(1) where plaintiffs allege that

each of the defendants' agents "directly told the testers that the Tester Applicants would not be

admitted because they used a wheelchair; i.e., because they had a mobility impairment."); *Ashraf Khodeir, et. al. v. Marwan Sayyed & Subhi Sayyed*, 2016 WL 5817003 *6, No. 15 Civ. 8763 (S.D.N.Y. September 28, 2016) (plaintiffs created "an inference of discriminatory intent by asserting their protected status (familial status and national origin), setting forth circumstances under which they were treated differently, and including an allegation that the different treatment was because of their protected statuses," and thus "alleged sufficient facts at this stage of the litigation").

In sum, because the United States' factual allegations as stated in the Amended Complaint raise the reasonable expectation that evidence will reveal the elements of disparate treatment and/or impact in satisfaction of *Connelly*, and because the factual allegations do indeed establish such elements based on at least one if not both theories, the United States has sufficiently stated claims for relief under §§3604 (f)(1) and (2) of the FHA. More detailed clarification or specification about which theory the United States elects to rely upon is not required at this stage of the litigation.  Finally, should this Court issue an Order for the United States to amend its Amended Complaint in accordance with the Magistrate Judge's recommendation, the United States is prepared to do so, and will make explicit its theories of liability in support of its §§ 3604(f)(1) and (2) claims.

## III.    CONCLUSION

For all the reasons stated herein, and the reasons set forth in the United States' Opposition to Defendants' Motion to Dismiss (ECF No. 28), the Court should dismiss the Defendants' motion in its entirety.  However, to the extent the Court adopts the Magistrate Judge's full recommendation, the United States respectfully requests leave to amend the Amended Complaint.

<u>Dated:</u> May 27, 2022

Respectfully submitted,

CINDY K. CHUNG
United States Attorney
Western District of Pennsylvania

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

   */s/ Jacqueline Brown*
JACQUELINE C. BROWN
Assistant United States Attorney
Civil Division
Office of the U.S. Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel: (412) 894-7565
Fax: (412) 644-6995
E-mail:  jacqueline.c.brown@usdoj.gov
PA Bar No. 330010

   */s/ Beth Pepper*
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
CATHERINE A. BENDOR
Special Litigation Counsel
BETH PEPPER
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC  20002
Tel: (202) 340-0916
E-mail: Beth.Pepper@usdoj.gov

*Attorneys for Plaintiff United States of America*