IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Plaintiff | § |
| v. | § CASE NO. 2:21-cv-00977 MJH-CRE |
| PERRY HOMES, INC. ALLYSON WHITTINGTON, and ROBERT WHITTINGTON | § |
| Defendants | § |

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTION
TO THE MAGISTRATE JUDGE'S RECOMMENDATION**

Perry Homes, Inc., Allyson Whittington and Robert Whittington, Defendants, file this Reply in Support of their objection to the Magistrate Judge's recommendation as follows:

**INTRODUCTION**

This Reply addresses two issues arising from the Plaintiff's Response [Dkt. 38]: should the Court rule based on the contents of the Amended Complaint or on what the Plaintiff says about the Amended Complaint and is there case law, as Plaintiff claims, holding that the needs of some disabled individuals cannot be met by a trained service animal. If the Amended Complaint is evaluated based on what it says and the relevant cases are evaluated based on their holdings the Court must conclude the Amended Complaint fails to state a cause of action.

**I.    The Amended Complaint does not allege that emotional support animals are uniquely able to meet the needs of some disabled individuals.**

In its Response Plaintiff makes three related claims.

> Whether a person with a disability needs an emotional support animal or a service animal depends on the nature of the person's disability and the reason he or she needs the animal; the two types of animals are not interchangeable.

Response at p. 3.

> Defendants' statements express a "preference, limitation, or discrimination" against a subset of individuals with disabilities: those in need of emotional support animals.

Response at p. 8, and

> . . . permission to keep a service animal is not an appropriate accommodation for a person who does not need one but in fact needs an emotional support animal.

Response at p. 11. These claims share a common notion; that there is a "subset of individuals with disabilities" whose needs can only be met by an emotional support animal and cannot be met by a trained service animal. Unless that "subset of individuals with disabilities" exists Perry Homes' alleged statement that it allowed trained service animals but not untrained emotional support animals did not express a discriminatory preference for one group of disabled individuals over another. Similarly, Perry Homes did not refuse to accommodate, but offered an alternative accommodation. In fact, as the Amended Complaint acknowledges, Perry Homes always expressed its willingness to grant an animal accommodation for a disabled individual as long as the animal was trained.

Plaintiff makes these claims about a supposed "subset of individuals with disabilities" in its Response, but not in the Amended Complaint. This is not a claim about something that could be called common knowledge; indeed it makes no sense at all to claim that there is some need an untrained animal can meet that a trained animal cannot meet. Common sense suggests that no matter what the need an animal trained to meet that need will do a better job than an untrained animal. If Plaintiff made these allegations in the Amended Complaint the Court would, of course, accept them a true for purposes of the Motion to Dismiss. But Plaintiff did not make these claims in the Amended Complaint, and in deciding a Motion to Dismiss the Court looks only to the

allegations in the Amended Complaint, matters of public record and indisputably authentic documents.[1]

## II.     Plaintiff's claim that its position is supported by existing case law is wrong.

Plaintiff tries to justify its failure to allege a critical fact by asserting the fact can be found in case law. It asserts:

> Other courts have similarly refused to uphold Defendants' position that allowing an accommodation for service animals, which alleviate symptoms for persons with certain types of disabilities and not others, suffices under the FHA.

Response at 9-10. Plaintiff cites four cases in support of this claim:

- *Castillo Condo. Ass'n v. U.S. Dep't of Hous. & Urban Dev.*, 821 F.3d 92, 98 (1st Cir. 2016)
- *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637, 2012 WL 10511, at *4 (M.D. Fla. Jan. 3, 2012)
- *Ass'n of Apartment Owners v. Taylor,* 892 F. Supp. 2d 1268, 1287–88 (D. Haw. 2012)
- *Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc.*, 778 F. Supp. 2d 1028, 1035-36 (D.N.D. 2011)

*Castillo* and *Bhogaita* are irrelevant to the trained service dog v. untrained emotional support animal issue because they never discuss it at all. They hold that an untrained emotional support animal might be a reasonable accommodation, not that it is the only possible accommodation for some subset of disabled individuals. *Ass'n of Apartment Owners* and *Goldmark* did concern property owners who claimed they were only required to accommodate trained service animals, but both were summary judgment cases and neither addressed the claim made by Plaintiff in this case. The relevant holding in *Ass'n of Apartment Owners* is:

> the Court cannot say, as a matter of law, that an untrained emotional support animal unequivocally is or is not a reasonable accommodation under the FHA. In some instances, a plaintiff may have a disability that requires an assistance animal with some type of training; in other instances, it may be possible that no training is

---

[1] "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010)

necessary. This determination must be the result of a fact-specific inquiry and case-by-case determination.

*Assn. of Apt. Owners of Liliuokalani Gardens at Waikiki v. Taylor*, 892 F. Supp. 2d 1268, 1287 (D. Haw. 2012). Perhaps there are situations in which "no training is necessary" to satisfy the needs of a disabled person, but that is not the same as saying there are situations in which a trained animal *cannot* meet the same needs. In the same way, *Goldmark* was decided at the summary judgment stage based on summary judgment evidence that a policy distinguishing service animals from emotional support animals might have a disparate impact on some group of disabled individuals. Once again, there is no finding as a matter of law that such a policy does in fact have a disparate impact and therefore no reason for this Court to read into otherwise insufficient pleadings an allegation that some group of disabled individuals can only benefit from an emotional support animal and obtain no similar benefit from a trained service animal.

## CONCLUSION

Plaintiff's Response asks the Court to read into the Amended Complaint a claim about emotional support animals that it does not make in the Amended Complaint and that none of the cited cases finds to be true. Perry Homes asks no more than that this Court decide the Motion to Dismiss based on the Amended Complaint rather than the claims in Plaintiff's briefing. The Amended Complaint, even supplemented by common sense and facts of which the Court might take judicial notice, fails to state a cause of action and must be dismissed.

Signed June 27, 2022.

_____
Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com
*PRO HAC VICE*

HUNT HUEY PLLC
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 641-9182
Facsimile: (214) 279-6124

_____/s/_____
Jen Gilliland Vanasdale
Pennsylvania Bar No. 87407
jennifer@gvlawoffice.com
Gary T. Vanasdale
Pennsylvania Bar No. 87802
gary@gvlawoffice.com

Gilliland Vanasdale Sinatra Law Office, LLC
257 South Main Street
Butler, PA 16001
724.741.0536 phone │ 724.741.0538 fax

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on June 27, 2022 the foregoing Reply in Support of Motion to Dismiss was served on all counsel of record through the Court's ECF system in accordance with Rule 5 of the Federal Rules of Civil Procedure.

_____
Richard M. Hunt