IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:21-cv-977 |
| v. | ) |
| | ) Judge Marilyn J. Horan |
| PERRY HOMES, INC., ALLYSON WHITTINGTON, and ROBERT WHITTINGTON, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This case was originally referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrate Judges. On May 13, 2022, Judge Eddy issued a Report and Recommendation, recommending that the Defendants' 12(b)(1) Motion to Dismiss for lack of standing and their 12(b)(6) Motion to Dismiss Plaintiff's subsection 3604(c) discrimination and subsection 3604(f)(3)(B) failure to accommodate claims be denied. (ECF No. 35). Judge Eddy also recommended that Defendants' Motion to Dismiss Plaintiff's subsection 3604(f)(1) and (f)(2) failure to accommodate claims be granted. Judge Eddy recommended granting Plaintiff leave to amend its subsection 3604(f)(1) and (f)(2), failure to accommodate claims.

The parties were informed that written objections to the Report and Recommendation were due by May 27, 2022. Both parties filed timely written objections on July 27, 2022. (ECF Nos. 36 & 37). Plaintiff filed a response to Defendants' written objections on June 10, 2022. (ECF No. 38). Defendants did not file a response to Plaintiff's written objections; but Defense filed a reply to Plaintiff's response. (ECF No. 45).

1

For the reasons that follow, and after *de novo* review, the Court finds that the written objections do not undermine the recommendation of the Magistrate Judge, except as provided herein. The Court will adopt the Report and Recommendation to deny the Defendants' 12(b)(1) Motion to Dismiss for lack of standing and to deny Defendants' 12(b)(6) Motion to Dismiss Plaintiff's subsection 3604(c) discrimination and subsection 3604(f)(3)(B) failure to accommodate claims. The Court will not adopt the Report and Recommendation with regard to Plaintiff's subsections 3604(f)(1) and (f)(2), failure to accommodate claims.

I.   **Discussion**

The Court references the factual background as discussed in Judge Eddy's Report and Recommendation. The Court also notes that Plaintiff, the United States of America, is bringing suit on behalf of Southwestern Pennsylvania Legal Services, Inc. (SWPLS).

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Initially, the Court finds no error in the Magistrate Judge's application of the standard of law.

The Defendants have articulated four objections and the Plaintiff has articulated one objection to the Magistrate Judge's Report and Recommendation regarding Defendants' Motion to Dismiss. Each objection will be addressed in turn.

    **A.  Defendants' Objections**

Defendants contend that Plaintiff's Amended Complaint should have been recommended for dismissal in its entirety. Defendants argue that Plaintiff lacks standing to bring this lawsuit. Defendants also assert that the Amended Complaint fails to state any sufficient claims under all subsections, 3604(c), 3604(f)(3)(B), 3604(f)(1), and (f)(2).

### 1. Standing

Defendants argue that all injury to SWPLS occurred before, rather than after, the test phone calls; thus, Plaintiff lacks standing to bring the present lawsuit. (ECF No. 37, at 5). Plaintiff responds that its Amended Complaint contains adequate allegations of injuries that occurred after the test phone calls. (ECF No. 38, at 5). Following analysis of case law involving similar types of injuries suffered by fair housing organizations, Magistrate Judge Eddy concluded that the Amended Complaint adequately alleged post-test phone call injuries to support standing in this case. (ECF No. 35, at 8).

Although the Amended Complaint includes allegations of injuries that occurred *before* the SWPLS test phone calls, it also contains allegations of post-test phone call injuries. The alleged injuries include: "diversion of resources from activities that the organization would otherwise have undertaken in order to devote those resources to identifying, evaluating, investigating, and counteracting Defendants' discriminatory housing practices." (ECF No. 17, ¶ 26). The Amended Complaint also contains allegations that SWPLS

> organized appropriate follow-up tests, obtained reports from testers, and analyzed the information in those reports. As a result of this diversion of resources, SWPLS was unable to undertake other activities it had planned, including, but not limited to, taking steps to develop certain resources to enhance its outreach capabilities, and conducting additional testing and outreach in its service areas.

(ECF No. 17, ¶ 26). Such Amended Complaint allegations are sufficient at this stage to demonstrate that SWPLS suffered injuries following the test phone calls; thus, Judge Eddy correctly recommended denial of Defendants' Motion to Dismiss the Amended Complaint for lack of standing. As such, Defendants' objection to said Report and Recommendation will be overruled.

### 2. Subsection 3604(c) Discrimination Claim

Defendants objected to the Magistrate Judge's Report and Recommendation that the Plaintiff sufficiently pleaded a subsection 3064(c) discrimination claim. (ECF No. 37, at 7-8). Defendants argue that they did not violate the Fair Housing Act (FHA) because an alternative accommodation for disabled individuals was offered. (ECF No. 37, at 7-8). Plaintiff responds that restricting against emotional support animals is a form of disability discrimination. (ECF No. 38, at 8). Following careful review of Plaintiff's Amended Complaint and cited persuasive authority, Judge Eddy correctly found that the Plaintiff has sufficiently pleaded that Defendants may have demonstrated a preference, limitation, or discrimination based upon handicap when they refused to allow emotional support animals. As such, Defendants' objection, that the Report and Recommendation came to the wrong conclusion regarding Plaintiff's subsection 3604(c) discrimination claim, will be overruled.

### 3. Subsection 3604(f)(3)(B) Failure to Accommodate Claim

Defendants objected to the Magistrate Judge's Report and Recommendation that the Defendants failed to accommodate test callers' reported disabilities. Defendants argue that Plaintiff's subsection 3604(f)(3)(B), failure to accommodate claim, should be dismissed because the Plaintiff's Amended Complaint does not contain adequate allegations that a disabled person was injured. (ECF No. 37, at 9). Plaintiff responds that existing case law permits the use of "fictional people" to be used as testers under the FHA. (ECF No. 38, at 12). Following careful review of Plaintiff's Amended Complaint and cited FHA precedent, Judge Eddy correctly found that fair housing organizations can use fictional testers to advance the purposes of the FHA. As such, Defendants' objection, that the Report and Recommendation came to the wrong conclusion regarding Plaintiff's subsection 3604(f)(3)(B), failure to accommodate claim, will be overruled.

####    4. Subsections 3604(f)(1) and (f)(2) Failure to Accommodate Claims

The Defendants object to the Magistrate Judge's Report and Recommendation, to the extent she determined that, but for Plaintiff's failure to identify disparate treatment or disparate impact, which determination will be further discussed below, Plaintiff's claims under these subsections were sufficiently pled. (ECF No. 37, at 9, 11). The Magistrate Judge correctly analyzed the pleadings in the light of the provisions of said subsections. Said claims were sufficiently pled. As such, Defendants' objection to the Report and Recommendation, that Plaintiff's subsection 3604(f)(1) and (f)(2) claims are not sufficiently pled, will be overruled.

### B. Plaintiff's Objection

Plaintiff objects to the Report and Recommendation that dismisses Plaintiff's subsection 3604(f)(1) and (f)(2), failure to accommodate claims, because the Plaintiff did not specifically state whether its claim is based upon the theory of disparate treatment or disparate impact. (ECF No. 36, at 3). Plaintiff argues that, at the pleading stage, it is not required to articulate the specific theory of liability under which it brings its FHA subsection 3604(f)(1) and (f)(2), failure to accommodate, claims. Defendants did not respond to Plaintiff's objection.

Plaintiff cites to the case of *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018), *cert. den.* 139 S. Ct. 2026 (2019), in support of its argument that it does not need to specifically plead whether it is bringing its FHA claim under a theory of disparate treatment or disparate impact. (ECF No. 36, at 3). Specifically, the *Reyes* court held that "[a]n FHA claim can proceed under either a disparate-treatment or a disparate-impact theory of liability, and a plaintiff is not required to elect which theory the claim relies upon at pre-trial, trial, or appellate stages." *Id.* In the employment discrimination context, the United States Supreme Court has held that a plaintiff does not need to plead the elements of a prima facie case

to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Third Circuit Court of Appeals has further explained that "[i]nstead of requiring a *prima facie* case, the post-*Twombly* pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal citations omitted). Thus, the Plaintiff is not required to assert the specific theory of liability or plead the elements of a prima facie case in order to survive Defendants' Motion to Dismiss. The allegations contained in Plaintiff's Amended Complaint are sufficient to survive Defendants' Motion to Dismiss. As such, Plaintiff's objection to the Report and Recommendation, to dismiss Plaintiff's subsection 3064(f)(1) and (f)(2), failure to accommodate claims, will be sustained.

## II.     Conclusion

Following a thorough review of the record and law, the Report and Recommendation to dismiss Plaintiff's subsection 3604(f)(1) and (f)(2), failure to accommodate claims, will be rejected. In all other respects, the Report and Recommendation is adopted as the Opinion of this Court. Defendants' Motion to Dismiss will be denied. A separate Order to follow.

DATE: July 29, 2022

Marilyn J. Horan
United States District Judge