IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PERRY HOMES, INC., ) <br> ALLYSON WHITTINGTON, and ) <br> ROBERT WHITTINGTON, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Civ. Action No. 2:21-cv-977 <br><br> PROPOSED CONSENT ORDER <br><br> The Honorable District Judge <br> Marilyn J. Horan <br><br> The Honorable Chief Magistrate <br> Judge Cynthia Reed Eddy |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PERRY HOMES, INC., ) <br> ) <br> Defendant. ) | Civ. Action No. 2:22-cv-526 |

## I.   Introduction

1.    On July 23, 2021, as amended on October 8, 2021, the United States filed a Complaint in *United States v. Perry Homes Inc., Allyson Whittington, and Robert Whittington* (hereinafter the "Whittingtons"), civil action no. 2:21-cv-00977, on behalf of Southwestern Pennsylvania Legal Services, Inc. (hereinafter "*Perry Homes I*").   In *Perry Homes I,* the United States alleges that Perry Homes, Inc. ("Perry Homes") and the Whittingtons discriminated against persons with disabilities by refusing to consider requests for reasonable accommodations

from housing applicants with a disability-related need to have an emotional support animal live with them.

2. On April 5, 2022, the United States filed a Complaint in *United States v. Perry Homes, Inc.*, civil action no. 2:22-cv-00526, on behalf of Alison Vitale, Jesse Noca, and Sarah Jamison (hereinafter "*Perry Homes II*"). In *Perry Homes II*, the United States alleges that Perry Homes discriminated against former tenants Alison Vitale and Jesse Noca, and current tenant Sarah Jamison, on the basis of disability by denying each household permission to have an emotional support animal as a reasonable accommodation.

3. In both cases, the United States seeks to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631.

4. In both cases, Defendants deny the allegations in the United States' complaints and deny any violation of the Fair Housing Act.

## II.   Recitals

5. Perry Homes is a corporation incorporated in the Commonwealth of Pennsylvania with its principal place of business at 236 Lexington Drive, Cranberry, Pennsylvania, where it operates a rental office for the properties it manages and owns.

6. Perry Homes manages and owns three rental properties in Pennsylvania as follows: Old Towne Rentals located at 236 Lexington Drive, Cranberry PA 10066 ("Old Towne Rentals"); 312 McKim Street, Zelienople, Pennsylvania 16063 ("McKim Street property"); 111A and 111B Hillside Drive, Zelienople, Pennsylvania 16063 ("Hillside Drive property"). Perry Homes also manages, but does not own, a rental property at 322 German Street Harmony, Pennsylvania 16037 ("German Street property").

7. The Whittingtons own the German Street property. Perry Homes is the Whittingtons' agent in renting and managing the German Street property.

8. Robert Whittington is a majority shareholder and owner of Perry Homes.

9. Old Towne Rentals is a multi-family apartment complex consisting of approximately 118 rental units. The German Street property and Hillside Drive property each have two rental units, and the McKim Street property has four rental units.

10. Southwestern Pennsylvania Legal Services, Inc. ("SWPLS") is a non-profit legal aid organization. SWPLS operates a component called the "Fair Housing Law Center" that, among other things, conducts fair housing testing to investigate housing discrimination throughout western Pennsylvania and northern West Virginia.

11. From October 1, 2018, through May 28, 2020, Alison Vitale and Jesse Noca rented an apartment from Perry Homes at the Old Towne Apartments, 207 Fieldgate Drive, Cranberry Township, PA.

12. Since September 1, 2020, and continuing to this day, Sarah Jamison has rented an apartment from Perry Homes at the Old Towne Apartments, 129 Concord Way, Cranberry Township, PA.

13. Defendants have represented that they have granted all tenant requests for permission to have emotional support animals live with them that were made between November 27, 2020, and the date the parties sign this agreement.

### III.  *Perry Homes I* and HUD's Charge of Discrimination

14. On August 27, 2019, SWPLS filed a complaint of discrimination with the United States Department of Housing and Urban Development (HUD) against Perry Homes and the Whittingtons.

15. On February 10, 2021, the Secretary of HUD issued a Determination of Reasonable Cause and Charge of Discrimination under 42 U.S.C. § 3610(g).

16. On February 23, 2021, Perry Homes and the Whittingtons elected under 42 U.S.C. § 3612(a) to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action. The Secretary of HUD subsequently authorized the Attorney General to file *Perry Homes I* on behalf of SWPLS under 42 U.S.C. § 3612(o).

### IV.   *Perry Homes II* and HUD's Charge of Discrimination

17. On May 6, 2020, Alison Vitale filed a timely complaint of housing discrimination with HUD against Perry Homes. On August 19, 2021, the complaint was amended to add Alison Vitale's boyfriend and co-tenant, Jesse Noca.

18. On December 29, 2020, Sarah Jamison and James Sabatino filed a timely complaint of housing discrimination with HUD against Perry Homes.

19. On February 24, 2022, the Secretary of HUD issued a Determination of Reasonable Cause and Charge of Discrimination under 42 U.S.C. § 3610(g).

20. On March 6, 2022, Perry Homes elected under 42 U.S.C. § 3612(a) to have the claims asserted in the HUD Charge of Discrimination resolved in a federal civil action. The Secretary of HUD subsequently authorized the Attorney General to file *Perry Homes II* on behalf of Alison Vitale, Jesse Noca, and Sarah Jamison under 42 U.S.C. § 3612(o).

### V.   Consent of the Parties

21. The United States, Perry Homes and the Whittingtons (collectively, "Defendants") enter into this agreement to resolve all claims against the Defendants with respect to SWPLS, Alison Vitale, Jesse Noca, and Sarah Jamison in the above-captioned cases without further proceedings or a trial.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

22. Defendants agree that, with respect to the rental of any dwelling or dwelling unit that they own or manage, they will not:

   a. refuse to rent after the making of a bona fide offer, or refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

   b. discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities connected with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

   c. refuse to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

   d. make, print, or publish, or cause to be made, printed or published, statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. §3604(c).

**VI.    Reasonable Accommodation Policy Concerning Assistance Animals**

23. In connection with this Consent Order, Defendants have adopted a new written reasonable accommodation policy concerning assistance animals that the United States agrees is consistent with the Fair Housing Act (the "New Policy"). The New Policy is attached hereto as Appendix A.

24. On December 22, 2022, Defendants submitted an "Implementation Package" to the United States for approval, and on December 22, 2022, the United States approved the Implementation Package as submitted. The Implementation Package describes how Defendants will implement the New Policy in the specific context of their rental business.

25. Defendants will implement the New Policy and the Implementation Package at all dwellings owned or managed by Defendants no later than thirty (30) days after the date of entry of this Consent Order.

26. Defendants shall continue to operate under the New Policy and use the Implementation Package throughout the term of this Consent Order.

27. The New Policy and Implementation Package, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of requests for reasonable accommodations relating to assistance animals at dwellings owned or managed by Defendants.

28. Perry Homes shall include the text of the New Policy set forth in Appendix A in every application form and lease, including lease renewals, within thirty (30) days of the date of entry of this Consent Order. In this way, Perry Homes shall be informing every new applicant through the application form, every new tenant through the lease form, and every current tenant renewing their leases through a lease renewal form of the New Policy. Perry Homes has provided the United States with copies of a sample application form, lease form and lease renewal form that includes the text of the New Policy.

29. Throughout the term of this Consent Order, Defendants shall prominently display the New Policy in its rental office and all other locations where Perry Homes conducts business in-person with tenants or applicants on a regular basis. Defendants represent that they have

posted the New Policy as an 11" by 17" poster in all such locations. Defendants have provided a photograph of each posting to the United States.

30. No later than fourteen (14) days after adoption of the New Policy and the Implementation Package, Defendants shall apprise each of their employees, agents, and any other persons responsible for the rental or management of dwellings owned or managed by any of Defendants of each person's obligations under the New Policy and Implementation Package, and the Fair Housing Act, 42 U.S.C. §§ 3601-3631. Defendants shall furnish each such employee, agent, or other person a copy of the New Policy and Implementation Package. Ms. Allyson Whittington, who is the Operations Manager for Perry Homes and who also manages and supervises Perry Homes' employees, shall sign a statement in the form of Appendix B acknowledging that she has given the New Policy and Implementation Package to each employee and agent involved in the rental or management of rentals, that she has instructed each employee about the New Policy and Implementation Package, and that each employee has been instructed to perform her or his duties in accordance with the New Policy and Implementation Package. Perry Homes shall provide the United States with Ms. Whittington's certifications in Appendix B within fourteen (14) days of their execution.

31. During the term of this Consent Order, Defendants shall ensure that all new employees or agents who have responsibilities related to the management or rental of units at dwellings owned or managed by Defendants are apprised and provided copies of the New Policy, the Implementation Package, and their obligations under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, within fourteen (14) days after their term, employment, or agency commences. Ms. Allyson Whittington, or another owner designee identified by the Defendants, shall submit a

certification to the United States in the form of Appendix B no later than fourteen (14) days after each new employee assumes such responsibilities.

## VII. Education and Training

32. As of the date of execution of this Consent Order, all current employees of Perry Homes have received Fair Housing Act training, including training concerning emotional support animals, within the previous thirteen months from a qualified third-party provider, unconnected to Defendants, their agents or counsel. The United States has approved such training.

33. During the term of this Consent Order, Defendants shall require new employees, agents, or members who have responsibility related to the management of or rental of units at a dwelling owned or managed by Defendants to attend, at Defendants' expense, a training program regarding the Fair Housing Act that includes training on assistance animals. In advance of such training, Defendants shall secure the United States' approval of the training and must seek such approval within thirty (30) days after each new employee or agent assumes such responsibilities. Such training shall be provided within ninety (90) days of the date on which the person assumes such responsibilities or the date on which the United States provides approval of the training, whichever is later. Defendants shall retain in their files evidence of each person's training course attendance during the term of this Consent Order. Defendants shall produce documentation of such training course attendance to the United States upon request.

## VIII. Nondiscrimination Policies

34. Throughout the term of this Consent Order, Defendants shall prominently display a Fair Housing poster measuring at least 11" x 14" at every place of business where Defendants conduct rental activity or have personal contact with applicants or tenants related to the rental of residential property. A poster that comports with 24 C.F.R. § 110.25 will satisfy this

requirement. Defendants represent that they have posted a poster at all such locations and have provided the United States with photographic evidence of each posting.

35. Throughout the term of this Consent Order, Defendants shall ensure that any advertising for rental units in newspapers, in telephone directories, on radio, television, the internet, Defendants' website (if any), or in other media, and any signs, pamphlets, brochures, or other promotional literature includes the following statement:

> We are an Equal Opportunity Housing Provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability. We provide reasonable accommodations to persons with disabilities.

The words should be in a typeface no smaller than other information in the advertisement and included in the same area as such information. During the term of this Consent Order, Defendants shall submit to the United States each advertisement or publication within thirty (30) days of publication. This requirement is limited to the first ten separate advertisements or publications after the entry of this Consent Order.

### IX. Reporting and Record-keeping

36. During the term of this Consent Order, Defendants shall notify and provide documentation to the United States of any written complaint alleging disability discrimination in housing received by Defendants, including a copy of the written complaint itself and the name, address, and telephone number of the complainant (if known) within fourteen (14) days of receiving such complaint. Defendants shall also promptly provide the United States with information concerning resolution of the complaint (if any).

37. During the term of this Consent Order, Defendants shall preserve all records relating to their obligations under this Consent Order. Representatives of the United States shall

9

be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Consent Order.

38. The United States may conduct compliance testing for the purpose of determining whether the Defendants are complying with the terms of this Consent Order and the provisions of the Fair Housing Act.

### X.   Compensation to Aggrieved Persons

39. No later than fourteen (14) days after the date of entry of this Consent Order, Defendants shall pay the sum of Fifteen Thousand dollars ($15,000.00) to SWPLS. The Defendants shall make the check payable to SWPLS and shall send it to the United States at the address specified in footnote 1.[1]

40. As a prerequisite to receiving such payment, SWPLS shall execute a release of claims in the form of Appendix C. The United States shall forward the release to the Defendants upon receipt from the Defendants of the check payable to SWPLS.

41. No later than fourteen (14) days after the date of entry of this Consent Order, Defendants shall pay the sum of Twelve Thousand dollars ($12,000.00) to Alison Vitale and Jesse Noca and shall pay the sum of Three Thousand dollars ($3,000.00) to Sarah Jamison. The Defendants shall make the check for Alison Vitale and Jesse Noca payable to them and the check

---

[1] Unless otherwise directed by the United States, Defendants shall send all documents, notices, and other communications specified by this Consent Order to the United States to counsel of record via email and via regular U.S. mail to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, Attn: U.S. v. Perry Homes I, DJ # 175-64-207, and U.S. v. Perry Homes II, DJ #175-64-210, 4 Constitution Square, 150 M Street, NE, Washington, DC 20002. Notice via email is to be sent to undersigned counsel of record for the United States, unless otherwise directed. Any submission must reference the case name, "U.S. v. Perry Homes, et.al." and/or DJ# 175-64-207 and DJ#175-64-210.

for Sarah Jamison payable to her, and shall send the checks to the United States at the address specified in footnote 1.

42. As a prerequisite to receiving their payments, Alison Vitale, Jesse Noca, and Sarah Jamison shall each execute a release of claims in the form of Appendix D. The United States shall forward the releases to the Defendants upon receipt from the Defendants of the checks payable to these individuals.

## XI.   Additional Relief for Sarah Jamison

43. On the date the Parties execute this agreement, the Defendants shall confirm in writing that Sarah Jamison has been granted an accommodation for an emotional support cat to live with her for the entirety of her tenancy, including any renewals thereof. Defendants shall not discontinue renting to Sarah Jamison because of her emotional support cat.

## XII.   Jurisdiction, Duration, Modification, and Remedies

44. The parties stipulate, and the Court finds, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

45. This Consent Order is effective immediately upon its entry by the Court.

46. This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing its terms. This Consent Order shall be in effect for a period of two (2) years from the date of entry of the Consent Order.

47. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

48. Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Consent Order, whether willful or otherwise, and shall attempt to resolve such dispute informally. In the event the parties cannot informally resolve

such dispute, either party may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, as well as an award of damages, costs and reasonable attorney's fees occasioned by the violation or failure to perform.

49.     All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Consent Order.

50.     The United States and the Defendants agree that as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the subject matter of the United States' Complaint. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, things related to matters described herein, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves the parties of any other obligation imposed by this Consent Order.

So ORDERED this   3rd   day of January            , 2023.

s/ Cynthia Reed Eddy<br>
United States Magistrate Judge

The undersigned hereby apply for and consent to the entry of this Consent Order:

|  |  |
|---|---|
| December 27, 2022<br>Date: | FOR PLAINTIFF UNITED STATES OF AMERICA<br><br>KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>By: *Beth Pepper*<br>SAMEENA SHINA MAJEED<br>Chief<br>CATHERINE A. BENDOR<br>Special Litigation Counsel<br>BETH PEPPER<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>Tel:  (202) 305-0916<br>Cell: (202) 532-3886<br>Fax:  (202) 514-1116<br>Email:  Beth.Pepper@usdoj.gov |
| December 27, 2022<br>Date: | CINDY K. CHUNG<br>United States Attorney<br><br>By: *Jacqueline Brown*<br>JACQUELINE C. BROWN<br>Assistant U.S. Attorney, Civil Division<br>Office of the U.S. Attorney<br>Western District of Pennsylvania<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA 15219<br>Tel:  (412) 894-7565<br>Cell: (412) 721-8693<br>E-mail: jacqueline.c.brown@usdoj.gov |

FOR DEFENDANTS PERRY HOMES, ROBERT WHITTINGTON AND ALLYSON WHITTINGTON:

Perry Homes, Inc.

12/22/2022
Date:

*[signature]*
By: Robert Whittington, President
236 Lexington Drive
Cranberry, Pennsylvania 10066

12/22/2022
Date:

*[signature]*
Robert Whittington

12/22/2022
Date:

*[signature]*
Allyson Whittington

# APPENDIX A

## Perry Homes' Reasonable Accommodation Policy under the FHA with respect to Assistance Animals ("New Policy")

Perry Homes has a "no pets" policy. The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers grant an accommodation for applicants and residents with a disability by waiving such a policy when reasonable and necessary to afford such individuals the equal opportunity to use and enjoy a dwelling at its rental properties. The owner and/or manager, Perry Homes Inc., and its employees, agents, and designees, are committed to granting reasonable accommodations, including permitting tenants to keep assistance animals, as required under federal law and other laws when such accommodations are necessary to provide a person with a disability an equal opportunity to use and enjoy a dwelling at Perry Homes' rental units.

Under its policy, Perry Homes does not and will not require that an assistance animal have any special training or certification; nor that the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal; nor that the assistance animal be required to wear a vest or other insignia that identifies it as an assistance animal. Perry Homes may require that the assistance animal have any vaccinations or registrations required by local law. Perry Homes may also require the owner(s) to comply with reasonable rules concerning the behavior of the animal when outside the apartment. Reasonable rules are those necessary to avoid an undue administrative or financial burden to Perry Homes.

In processing requests for permission to keep an assistance animal, Perry Homes will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

A person with a disability may request a reasonable accommodation orally, but Perry Homes may ask the person with the disability to complete or assist in completing a reasonable accommodation form. Perry Homes will evaluate the requested accommodation regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

If the applicant requires assistance in completing the form, the Property Manager, or his or her designee, will provide assistance or will fill out the form[s] based on an oral request. Perry Homes is using the form[s] to record reasonable accommodation requests so that it can obtain only the information necessary to make a reasonable accommodation decision and not obtain confidential information that it does not need to make a reasonable accommodation decision. Perry Homes shall not seek any information about the requestor that exceeds the scope of the information requested in the Implementation Package.

Once Perry Homes receives the request for an accommodation to allow a tenant to keep an assistance animal and, if applicable, additional verifying information, it will provide a response to

the request within fourteen days. Perry Homes will notify a requestor of any deficiencies in the request and give the requestor an opportunity to address any deficiencies before any request is denied.  If a request is denied, an explanation for the denial will be included in the written notification of denial.  If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, such person may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC  20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

or

United States Attorney's Office-Western District of Pennsylvania
Attn: Civil Division
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

**APPENDIX B**

**Certification by Allyson Whittington**

      I, Allyson Whittington, Operations Manager for Perry Homes and a supervisor of the employees at Perry Homes, certify that I have received a copy of the New Policy adopted by Perry Homes which the United States deems to be consistent with the Fair Housing Act pursuant to *United States of America v. Perry Homes, Inc., et al*. I further certify that I have read and understand the New Policy and the Implementation Package, that any questions I had concerning it were answered, and that it is one of my duties as Operations Manager to carry out the New Policy and Implementation Package. I further certify that I have given a copy of the New Policy and Implementation Package to all employees listed at the bottom of this certification, have instructed them about the New Policy and Implementation Package. I also certify that I have instructed each employee to perform her or his duties in accordance with the New Policy and Implementation Package.

                                                                             _____
(Signature)

_____
(Printed name)

_____
Operations Manager
(Title)

_____
(Date)

Names of Employees that have Received Instructions and date given:

1. _____    (Date) _____

2. _____    (Date) _____

3. _____    (Date) _____

**APPENDIX C**

**Release from SWPLS**

In consideration of the payment of the sum of $___ to Southwestern Pennsylvania Legal Services ("SWPLS"), SWPLS hereby releases Defendants named in this action from any and all liability for any claims, legal or equitable, that SWPLS has or may have against Defendants arising out of events before the date of this release, including but not limited to complaints of discrimination under local, state or federal law.  SWPLS further agrees that, during the term of this Consent Order, before filing any complaint of discrimination with an administrative agency or court on its own behalf it will first notify Perry Homes Inc. of the complaint and attempt to resolve the complaint informally.  SWPLS is not aware of any pending complaint against Perry Homes, Inc., and the other Defendants other than the litigation pending in the United States District Court for the Western District of PA, 2:21-cv-977 and 2:21-cv-526, which are the subjects of this litigation.


Dated: _____                    _____
                                          Southwestern Pennsylvania Legal Services, Inc.

## APPENDIX D

## Release from Individual Aggrieved Person

In consideration of the payment of the sum of $____ to [name of aggrieved person ], I, [name of aggrieved person ] hereby release Defendants named in this action from any and all liability for any claims, legal or equitable, that I may have against Defendants arising out of the claims alleged in the action as of the date of the entry of the Consent Order or as of the date of this release, including but not limited to any complaint of discrimination under local, state or federal law that pertains to a claim under the FHA for denial of permission to keep an emotional support animal. I hereby acknowledge that I have read and understand this release, that I have had an opportunity to consult counsel if I wish, and that I have executed it voluntarily and with full knowledge of its legal consequences.

Dated: _____                    _____
                                     Name of Aggrieved Person